## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

AMY E. HARRIS                                                          **PLAINTIFF**

V.                                                                     **NO: 1:23CV63-GHD-DAS**

UNITED STATES DEPARTMENT OF
AGRICULTURE, ON BEHALF OF
RURAL HOUSING SERVICES,
FORMERLY FARMERS HOME
ADMINISTRATION; N. CHAD
BORDEN, SUBSTITUTE TRUSTEE;
KIRSTEN FITZGERALD; AND JOHN
DOES 1-5                                                               **DEFENDANTS**

### MEMORANDUM OPINION

Presently before the Court is a Motion to Dismiss [11] filed by the United States of America

on behalf of its agency, the U.S. Department of Agriculture and Rural Housing Services/Farmers

Home Administration, seeking to dismiss Plaintiff Harris' claims under Fed. R. Civ. P. 12(b)(1)

and 12(b)(6). The Plaintiff has responded in opposition, and upon due consideration, for the

reasons set forth herein, the Court hereby grants Defendant's Motion to Dismiss.

### Factual Background

Giving rise to this action was a December 4, 2019, foreclosure by the United States

Department of Agriculture ("USDA"), conducted through its substituted trustee N. Chad Borden,

of a property then owned by the Plaintiff. Plaintiff purchased the subject property on December

14, 1989, and later fell behind on mortgage payments in 2016. Plaintiff alleges that later in 2016

she was unable to pay her mortgage once her mortgage files were transferred to a new office.

Plaintiff states that the Defendant USDA's problems within their branch prevented her payments

from going through, which caused Plaintiff's mortgage to appear to be in default. Plaintiff claims

that these issues persisted for three years until the property sale on December 4, 2019, and that the Defendants did not make her aware of the foreclosure sale date. Plaintiff filed suit on March 16, 2023, in the Chancery Court of Alcorn County, Mississippi, and the action was removed to this Court on April 25, 2023. The Complaint alleges counts of negligence; breach of contract, including breach of implied covenants of good faith and dealing; breach of fiduciary duties; and defective and wrongful foreclosure.

## STANDARD

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, ... courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 860-61 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); *Hitt v. City of Pasadena, Tex.*, 561 F. 2d 606, 608 (5th Cir. 1977) (per curiam). Accordingly, the Court first addresses the jurisdictional issues under Rule 12(b)(1).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (quoted favorably in *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Dismissal for lack of subject matter jurisdiction may be based upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir.

1989). Where the case is filed in the wrong court, and where the defendant is entitled to Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over Plaintiff's claims. *Mahogany v. La. State Sup. Ct.*, 262 F.App'x. 636, 636 (5th Cir. 2008) (per curiam) ("A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity.")

When considering a Rule 12(b)(6) claim, the Court is limited by the allegations in the complaint itself, along with any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 Fed.App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The complaint must contain facts that, if accepted as true, would support a claim for relief that is facially plausible. *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A claim is facially plausible when the facts underlying the claim allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Webb v. Morella*, 522 Fed.App'x 238, 241 (5th Cir. 2013) (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). Dismissal is warranted when a plaintiff fails to present sufficient facts to support the elements of the causes of actions articulated in the complaint and has thereby failed to advance their complaint beyond mere speculation. *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (citing *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). "Factual allegations that are 'merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement

3

to relief,' and thus are inadequate." *Walker v. Beaumont Independent School District*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).

**DISCUSSION**

The Government cannot be sued without its permission under the doctrine of sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983). However, the Federal Tort Claims Act ("FTCA") partially waives sovereign immunity and allows the United States to be sued in tort for injuries resulting from negligent or wrongful acts of its employees acting within the scope of their employment. 28 U.S.C. § 2679. The FTCA provides certain "terms and conditions" on which suit may be instituted. *See Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Under section 2675(a), suit shall not be filed "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing[.]"

Section 2675(a) of the FTCA provides that a plaintiff must present notice of her claim to the appropriate federal agency and only after the agency has denied the claim or failed to act on it for six months may a plaintiff file suit in federal court. 28 U.S.C. § 2675(a). The notice requirement of section 2675(a) has two sub-elements. "A claimant satisfies section 2675's notice requirement if he or she '(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.'" *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980). While a SF95 form is the preferred method of asserting a tort claim under these circumstances, "this circuit's precedents are more expansive, permitting notice in the form of a letter, or a letter with attachments." *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988). (citing *Williams v. United States*, 693 F.2d 555 (5th Cir. 1982); *Crow v. United States*, 631 F.2d 28 (5th Cir. 1980)) (additional citations omitted).

4

The United States argues that Plaintiff's tort claims must be dismissed as Plaintiff's SF95 form was not submitted within the FTCA's two-year statute of limitations and that the email to the USDA did not satisfy the notice requirements under the FTCA. Plaintiff's SF95 form was submitted on December 2, 2022, listing December 4, 2019, as the date of the incident. This would place the submission of the SF95 form approximately one-year past the statute of limitations of the FTCA. However, Plaintiff asserts that an email between Defendant Amy Harris and the USDA Civil Rights Division Attorneys dated April 22, 2020, satisfied the notice requirements of the FTCA.

It is undisputed that Plaintiff's SF95 form was not submitted within the FTCA's statute of limitations, however, the Court will review the April 22, 2020, email as to its sufficiency of providing notice by examining its content instead of its form. *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975) (finding the plaintiff's letter and attached receipts, even those unrelated to the claim, to be sufficient notice under Section 2675). The Court turns to the notice requirements under Section 2675(a), which provide that a claimant satisfies the notice requirement when she (1) gives the agency written notice of her claim sufficient to enable the agency to investigate and (2) places a value on her claim. *Adams*, 615 F.2d at 289.

The United States asserts that the notice provided in the email was insufficient due to Plaintiff's failure to comply with the requirements of Section 2675 and place a value on her claim. Plaintiff Harris asserts that the email contained "a detailed, factual narrative of misdeeds, misinformation, misrepresentations and other wrongful conduct by named and unnamed employees and representatives of the moving defendant." [19]. A review of the email illustrates that a value of the claim was not provided. Plaintiff asserts that a sum certain demand was not

necessary as the value of her tort claims is the value of her home and that the USDA should have realized this.

However, Plaintiff's argument is not well-taken; failure to place a value on her claims is dispositive. *See, e.g., Barber v. United States*, 642 F. App'x 411, 415 (5th Cir. 2016) (unpublished) (citing 38 C.F.R. § 14.604 (b); *Montoya*, 851 F.2d at 104) ("Even assuming we construe Barber's unsigned 38 U.S.C. § 1151 claim as a notice of claim under the FTCA, it does not state any dollar amount and therefore is not 'a claim for money damages, in a sum certain.'") "[T]imely presentation of a claim *including 'a sum certain'* is a jurisdictional requirement, absent compliance with which the courts have no jurisdiction to entertain the suit under the Federal Tort Claims Act." *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984) (citing *Wardsworth v. United States*, 721 F.2d 503, 505-06 (5th Cir. 1981)) (emphasis added). Though "substantial compliance with the requirement has been liberally construed, so that the absence of a formal statement of a sum certain in the claim has not defeated court jurisdiction," here, Harris' email provided no monetary figure whatsoever regarding damages for claims. *Id.* Therefore, Harris has not complied with Section 2675(a)'s notice requirement, and her claim against the United States must be dismissed, as "timely presentation of a claim *including 'a sum certain'* is a jurisdictional requirement, absent compliance with which the courts have no jurisdiction to entertain the suit under the Federal Tort Claims Act." *Martinez*, 728 F.2d at 697 (5th Cir. 1984) (citing *Wardsworth*, 721 F.2d at 505-06 (5th Cir. 1981)) (emphasis added).

This conclusion leaves remaining Plaintiff's non-tort claims of breach of contract, breach of fiduciary duties, defective foreclosure, and wrongful foreclosure against the United States. The U.S. Court of Federal Claims possesses exclusive jurisdiction for all cases, not sounding in tort, where money damages of more than $10,000 is sought from the federal government. 28 U.S.C. §

1346. Both the Plaintiff and the United States agree that the alleged amount of damages exceeds $10,000.00, and thus, this Court does not have jurisdiction over any claims for contract violations alleged against the United States.

"Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other court in which the action or appeal could have been brought at the time it was filed.") *Awad v. United States*, No. 93-0376, 2001 WL 741638, at *3 (N.D. Miss. Apr. 27, 2001); 28 U.S.C. § 1631. The only remaining claims in this action brought against the United States fall under the Tucker Act, 28 U.S.C. § 1491, and a claim based on an express or implied contract with the United States must be brought in the Court of Federal Claims if the claim exceeds $10,000. *See* 28 U.S.C. § 1491(a), *Doe v. Dep't of Justice,* 753 F.2d 1092, 1101 (D.C. Cir. 1985) ("Jurisdiction for those monetary claims against the United States exceeding $10,000 lies exclusively with the Claims Court."). However, since Plaintiff has asserted claims against not only the United States, through the United States Department of Agriculture, on behalf of Rural Housing Services, formerly Farmers Home Administration, but against Chad Borden, Substitute Trustee of the deed of trust that is the subject of this action, and also Kirsten Fitzgerald, the recipient of the property in question after the foreclosure sale, the Court finds that transfer is not in the interest of justice at this stage of the proceedings.

Accordingly, the Plaintiff's tort claims against the United States, brought through the United States Department of Agriculture, on behalf of Rural Housing Services, formerly Farmers Home Administration are DISMISSED for lack of jurisdiction. Further, Plaintiff's remaining non-tort claims against the United States are only jurisdictionally proper in the United States Court of

Federal Claims, thus the Court lacks jurisdiction to adjudicate this cause. Plaintiff's remaining claims against the United States are DISMISSED for lack of jurisdiction.

An order in accordance with this opinion shall issue this day.

This, the _13th_ day of November, 2023.

SENIOR U.S. DISTRICT JUDGE